UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN RORY M. WALSH,<br><br>Plaintiff,<br><br>vs.<br><br>SEC NAV CARLOS DEL TORO, MICHAEL W. HAGEE, JERRY D. HUMBLE, FBI MICHAEL D. NORDWALL, FBI SAIC ALVIN M. WINSTON SR., US ATTY ALISON RAMSDELL, DAVID J. GAMEZ, FBI INFORMANT, THE UNITED STATES OF AMERICA, and DEPARTMENT OF THE NAVY,<br><br>Defendants. | 4:24-CV-04018-CCT<br><br><br>**ORDER ON REMAINING MOTIONS AND ON ORDER TO SHOW CAUSE** |

On February 1, 2024, Captain Rory M. Walsh, acting pro se, filed this lawsuit against the United States of America, Department of the Navy, Carlos Del Toro, Michael W. Hagee, Jerry D. Humble, Michael D. Nordwall, Alvin M. Winston, Sr., and Alison Ramsdell (collectively, "the Federal Defendants"), and against his neighbor David J. Gamez. Docket 1. On January 15, 2025, the Court granted the Federal Defendants' joint motion, Docket 42, and Gamez's separate motion, Docket 50, to dismiss Captain Walsh's suit against them. Docket 105. In the order, the Court directed Captain Walsh to show good cause, within 30 days of the Court's order, why a prefiling injunction should not issue against him. *Id.* While Captain Walsh has responded to the order to

1

show cause, Dockets 108, 116, he has filed multiple additional motions and other filings, including: (1) a motion for reconsideration, Docket 108; (2) notices of continued criminal acts of the Federal Defendants, Dockets 109, 146; (3) a motion requesting the Court strike a filing by the Federal Defendants, Docket 122; (4) a declaration claiming the Federal Defendants put forth false and unrelated evidence, Docket 119; (5) several ex parte motions, Dockets 115, 130;[1] (6) an ex parte response to the Court's order to show cause, Docket 116; and (7) a motion for joinder, Docket 151.

The Federal Defendants and Gamez have filed responses in opposition. Dockets 117, 127, 140, 147, 149, 153. And Gamez, who was previously represented by counsel but now appears pro se, filed a motion for reconsideration of the Court's denial of his oral request for the imposition of Rule 11 sanctions against Captain Walsh. Docket 113. Gamez also filed a motion to strike an exhibit attached to one of Captain Walsh's filings, claiming it is falsified and misrepresents a confidential document. Docket 126. Captain Walsh opposes Gamez's motion for reconsideration, Docket 114, and motion to strike, Docket 132.

## BACKGROUND

The Court's January 15, 2025 order at Docket 105 contains a detailed explanation of Captain Walsh's claims against the Federal Defendants and Gamez and the reasons for this Court's dismissal of the same. Therefore, the Court does not detail that information in this order.

---

[1] Captain Walsh's ex parte motions are addressed in a separate order.

I. **Captain Walsh's Motion for Reconsideration**

Relying on Federal Rule of Civil Procedure 59(e), Captain Walsh requests that the Court reconsider its order dismissing his lawsuit because clear error occurred when this Court entered its order in direct conflict with the "announc[ement]" during the hearing on September 19, 2024, that "the next hearing would be in a few weeks and regard the number of motions submitted by [Captain Walsh.]" Docket 108 at 3 (bold omitted). He claims that the Court is bound by this statement and "must now vacate its order at docket 105, and allow this action to proceed to trial." *Id.* at 3–4 (bold and underline omitted), 22–23 (bold and underline omitted).

Captain Walsh also claims that the Court should vacate its order because the FBI, Gamez, and counsel for the Federal Defendants and Gamez placed falsified evidence before the Court. *Id.* at 6–9, 22. He further claims that "[t]his court has ignored its obligation to protect disabled veteran Walsh's rights and has now decided to ignore all laws and attack Walsh's right to bring action in federal court as his right, particularly after defending the US Constitution and the American people and our way of life from 1975-1996, nearly 21 years as an infantry officer in the United States Marine Corps." *Id.* at 6 (bold omitted). He notes the continued criminal conduct by "FBI Informant David J. Gamez and the criminal FBI defendants[.]" *Id.* at 10. Then, seemingly in support of his motion for reconsideration, Captain Walsh restates allegations previously addressed in the Court's January 15, 2025 order. *See* Docket 108 at 12–16 (referring to the alleged incident on April 7, 2024; arguing he defeated

3

res judicata; relying on the continuing violation doctrine; noting that none of the defendants challenged service of process).

The Federal Defendants argue that Captain Walsh's motion for reconsideration pursuant to Rule 59(e) is procedurally defective because the Court's January 15, 2025 order is not a final judgment (there is a pending order to show cause). Docket 117 at 6 n.4. They also assert that his motion fails nevertheless because Captain Walsh has not identified a manifest error of law or fact and has not presented newly discovered evidence that warrants reconsideration.[2] Docket 117 at 4–6. The Federal Defendants further contend that even if Captain Walsh's motion is construed to be made pursuant to Federal Rule of Civil Procedure 60(b), it must be denied because his arguments merely reassert claims previously rejected by the Court in its order dismissing his lawsuit. *Id.* at 6–8.

**A. Legal Standard**

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as Rule 60(b) motion for relief from judgment." *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). "Motions under Rule 59(e) serve the limited function of correcting

---

[2] Gamez filed a two-page, pro se document concurring in the Federal Defendants' arguments on pages 4–12 opposing Captain Walsh's motion for reconsideration. Docket 125 at 1. In response, Captain Walsh filed a lengthy reply, arguing in part that Gamez's failure to offer counter evidence, legal argument, and case law warrants granting the motion to reconsider. Docket 136 at 1. Captain Walsh then provides what he calls a "concise summarization of defendant FBI Informant David J. Gamez['s] criminal actions, that precipitated [him] being joined to this action[.]" *Id.*

manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (citation and internal quotation marks omitted).

Under Rule 60(b), a "court may relieve a party . . . from a final judgment" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enter., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

### B. Discussion

Captain Walsh has not shown entitlement to relief under either Rule 59(e) or Rule 60(b). First, nothing in the transcript from the September 19, 2024 hearing, Docket 107, gives credence to his recollection regarding a future hearing. Rather, the transcript reveals just the opposite—that Captain Walsh understood that the Court did not have a plan to hold a future hearing. Near the conclusion of the hearing, the parties noted that there are other pending

5

motions before the Court. *Id.* at 99–101. The Court informed the parties that the current hearing would only address the motions to dismiss. *Id.* at 100. In response, Captain Walsh responded that he would be available for a future hearing on the motions for summary judgment and other matters. *Id.* The Court replied, "Well, I have my work set out before me with regard to the hearing that we had today. And once I'm through that work, I'll decide how to handle it going forward." *Id.* at 100–01. Captain Walsh replied with a thank you, and the hearing concluded. *Id.* at 101.

Second, although Captain Walsh believes the Court was wrong to dismiss his claims against the Federal Defendants and Gamez, that does not warrant relief under Rule 59(e) or Rule 60(b). *See Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (providing that Rule 60(b) "is not a vehicle for simple reargument on the merits"); *Rhines v. Young*, 5:00-CV-05020-KES, 2016 WL 3661223, at *2 (D.S.D. July 5, 2016) (noting that Rule 59(e) does not act to give a litigant a second bite at the apple).

Third, even if Captain Walsh's allegations that the parties submitted falsified information to the Court could be construed as new evidence, he has not demonstrated how this evidence would change the outcome of the dismissal of his case on the grounds stated in this Court's January 15, 2025 order. *See Bacon v. Greyhound Lines, Inc.*, 221 F.3d 1341 (8th Cir. 2000) (per curiam) (noting that Rule 60(b) relief is not appropriate when the allegedly new evidence would not change the outcome).

Finally, although Captain Walsh takes issue with the conduct of the Federal Defendants (and their counsel) and Gamez, he has not demonstrated how the alleged conduct prevented him from presenting his case to this Court. *See Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998) (stating that "the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case").

Captain Walsh raises additional issues in his motion for reconsideration. First, he requests that the Court stay the matter based on his perception that he won his FOIA action in Case No. 4:23-cv-04164-ECS (D.S.D.) and will be receiving "official letters of reprimand the Navy has awarded to both confirmed murderers Humble and Hagee[.]" Docket 108 at 17 (bold omitted). He plans to submit these letters as evidence in this case. *Id.* However, there is no matter on which to enter a stay—the Court has dismissed Captain Walsh's suit in its entirety and has found no basis to reconsider that decision.

Next, Captain Walsh suggests that the Court could appoint him legal counsel depending on the Court's perception of his "demonstrated abilities to date." Docket 108 at 17 n.17. But Captain Walsh does not have a statutory or constitutional right to the appointment of counsel. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Moreover, he has not presented any evidence that he is indigent, but even if he did, the Court does not believe that the nature of the litigation warrants appointing Captain Walsh counsel. *See id.* (noting that "[w]hen

7

determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim").

Because Captain Walsh has not articulated a basis on which this Court should reconsider its order at Docket 105, his motion for reconsideration is denied.

## II. Captain Walsh's Response to the Court's Order to Show Cause

Captain Walsh, in his motion for reconsideration, argues that "this court should not even consider to issue an injunction to trim" his constitutional right to access the court, preventing him from "petition[ing] the courts over Hagee's determined crime wave covering the last 20 years, (as well as his documented hatred and criminal interference)[.]" Docket 108 at 21. He then filed an additional, twenty-three-page ex parte document also addressing the Court's order to show cause. Docket 116. In both his motion for reconsideration and ex parte document, Captain Walsh essentially argues that the Court should not issue a prefiling injunction because he has a right to be heard on his claims related to Hagee's, Humble's, and FBI agents' documented crimes, the murder attempts against him, the infringement of his constitutional rights, and the fraud on the government, among other alleged wrongs. *See generally* Dockets 108, 116. Captain Walsh then directs this Court to evidence in the record supporting his claims against the Federal Defendants and Gamez. *See generally* Dockets 108, 116. He also rehashes why, in his view, the arguments

8

by the Federal Defendants and Gamez, made in support of the original motions to dismiss, are unfounded and thus evince why this Court should vacate its January 15, 2025 order. *See generally* Dockets 108, 116.

Because the Court's order to show cause is limited to the question whether a prefiling injunction should issue, the Court addresses only that question and not Captain Walsh's arguments challenging the merits of the Court's order at Docket 105. As it pertains to a prefiling injunction, the Court indicated in its order that:

> A plaintiff has "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Frivolous claims "consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Id.* Therefore, "[t]he Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1293 (citation omitted); *see also Noble v. Am. Nat'l Prop. & Cas. Ins. Co.*, 297 F. Supp. 3d 998, 1012 (D.S.D. 2018) (providing that in "the Eighth Circuit, a district court may enjoin a plaintiff who filed frivolous and vexatious lawsuits from filing further actions without first obtaining leave of the district court"). Also, 28 U.S.C. § 1651(a) accords district courts the "authority 'to enjoin litigants with lengthy histories of abuse from future filings or to impose such other restrictions prefiling as may be necessary to thwart such abuse.'" *Noble*, 297 F. Supp. 3d at 1012 (quoting *Lundhal v. NAR, Inc.*, 434 F. Supp. 2d 855, 855–56 (D. Idaho 2006)). However, "[a] filing restriction must be narrowly tailored to fit the circumstances it is intended to address." *Pederson v. Kesner*, No. 21-cv-02256 (ECT/DTS), 2022 WL 4080686, at *3 (D. Minn. Sept. 6, 2022) (citing *In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009)).

Docket 105 at 34–35 (alterations in original). In the order, the Court also set forth the reasons why a prefiling injunction is necessary to prevent Captain Walsh from continuing to file frivolous, repetitive lawsuits alleging the same

9

core factual allegations. *Id.* However, before doing so, the Court gave Captain Walsh notice and an opportunity to be heard in response. *Id.* at 36–37.

Having now considered Captain Walsh's response, the Court concludes that he did not show good cause to prevent the imposition of a prefiling injunction. Rather, it is apparent from his many filings since this Court's order to show cause that a prefiling injunction is the only way to prevent him from continuing to assert, without a legal basis, a right to recover against government and non-government actors on his claims arising out of an essentially fictitious government-wide conspiracy, a conspiracy that has twice implicated an innocent citizen neighbor. The imposition of an injunction that prevents Captain Walsh from continuing to file claims and lawsuits arising out of the same operative facts as those asserted in this case is narrowly tailored to prevent "prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims" and the unnecessary burden on the courts. *See Tyler*, 839 F.2d at 1293 (citation omitted).

The Court notes the Federal Defendants' request for the Court to broaden the injunction to require the type of in forma pauperis review under 28 U.S.C. § 1915(e)(2) on all future complaints by Captain Walsh. Docket 117 at 10–11. According to the Federal Defendants, this type of an injunction would "forestall the harmful effects of future frivolous lawsuits by Mr. Walsh" against "all potential defendants." Docket 117 at 11. While a continuous pattern of groundless litigation by Captain Walsh may ultimately warrant enjoining him

10

from filing any future pro se lawsuit in this District without permission of the Court, at this juncture, the Court concludes that it is appropriate to impose a prefiling injunction that is consistent with the notice given to Captain Walsh in the order to show cause.

### III. Gamez's Motion for Reconsideration of Rule 11 Sanctions

In his pro se motion, Gamez notes that the Court denied his attorney's oral request for Rule 11 sanctions made at the September 19, 2024 hearing. Docket 113 at 2. He then states that he now makes this written request that the Court impose Rule 11 sanctions against Captain Walsh. *Id.* He claims that reconsideration of the denial of sanctions is warranted because Captain Walsh is using this lawsuit to harass him and drive up the cost of litigation to him. *Id.* at 3. Gamez directs this Court to the many baseless allegations Captain Walsh has lodged against him in this litigation. *Id.* at 3–5. Gamez also contends that Captain Walsh's conduct since the Court issued its order—continuing to harass Gamez and his wife and ignore the Court's decision—warrants the imposition of sanctions. *Id.* at 5–6. He requests an order requiring Captain Walsh to pay the costs and attorney fees Gamez incurred in defending against Captain Walsh's claims. *Id.* at 9.

In response, Captain Walsh contends that Gamez's request for sanctions should be denied because Gamez must be held liable for his crimes against Captain Walsh.[3] *See generally* Docket 114 at 3–5, 6–11. Captain Walsh further

---

[3] Captain Walsh claims that Gamez's motion is untimely because, in his view, Gamez filed a motion for reconsideration pursuant to Rule 59(e), and under that rule, the

11

disputes the veracity of Gamez's characterizations of Captain Walsh's conduct as stated in the motion for sanctions. *Id.* at 11–13.

Gamez did not cite authority in support of his motion for reconsideration. However, regardless of whether Gamez's motion is construed as being filed pursuant to Rule 59(e) or Rule 60(b), the Court declines to reconsider its decision denying Gamez's request for sanctions because Gamez has not established a manifest error of law or fact or presented newly discovered evidence warranting reconsideration. *See Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (recognizing that a motion for reconsideration "serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence" (cleaned up)).

Construing Gamez's pro se motion liberally, the Court also addresses his request that sanctions be imposed based on Captain Walsh's harassing conduct and his filings docketed since this Court's January 15, 2025 order. *See* Dockets 113, 124 (directing this Court to unfounded, conspiratorial allegations against Gamez by Captain Walsh in Dockets 114, 120 and claiming that Captain Walsh is harassing him and his wife). According to Gamez, Captain Walsh's conduct is the very type of behavior Rule 11 sanctions are designed to address. Docket 113 at 8–9. He further asserts that Captain

---

motion must be made within ten days after entry of the judgment. Docket 114 at 2, 5–6. Captain Walsh is relying on a prior version of Rule 59(e). The current version, in effect since December 2009, requires that the motion "be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Therefore, under the current version of the rule, Gamez's motion for reconsideration, to the extent it is construed as a Rule 59(e) motion, is timely.

12

Walsh's decision to "proceed with this action after being warned by other courts against further unwarranted litigation" compounds his violation of Rule 11. *Id.* at 9.

> Rule 11(b) provides in relevant part that:
>
> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The rule further provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

The Court is sensitive to the angst Captain Walsh's seemingly belligerent conduct is causing to Gamez and his wife and the financial ramifications of having to defend against Captain Walsh's conspiracy theories. However, the

Court notes that Captain Walsh has not been given notice that monetary sanctions, versus the prefiling injunction, could be imposed. The Court also considers Captain Walsh's pro se status and that all pending claims against Gamez in this suit will be resolved by this order. *See Johnson v. Patel*, 4:23-CV-04160-ECS, 2025 WL 1311296, at * 4 (D.S.D. May 6, 2025) (declining to sanction a party in part because the claims are dismissed). That being said, Captain Walsh is now on notice of his obligation to comply with Rule 11 and further that his pro se status will not shelter him from being imposed monetary sanctions if he violates Rule 11. *See Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993) (noting that a party's "pro se status did not entitle him to disregard the Federal Rules of Civil Procedure"). As the Seventh Circuit explained,

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. . . . An obtuse belief—even if sincerely held—is no refuge, no warrant for imposing delay on the legal system and costs on one's adversaries. The more costly obtuseness becomes, the less there will be.

*Coleman v. Comm'ner of Internal Rev.*, 791 F.2d 68, 72 (7th Cir. 1986) (internal citation omitted). This reasoning applies here, and therefore, the Court warns Captain Walsh that although he may believe in the truth of his claims, continuing to pursue these same frivolous allegations time and again could result in monetary sanctions.

### IV. Remaining Motions Filed by Captain Walsh and Gamez

The remaining motions pending before the Court include:

14

(1) Captain Walsh's motion at Docket 122 to strike the Federal Defendants' request at Docket 121 that the Court take judicial notice of certain documents filed in Captain Walsh's FOIA action in Case No. 4:23-cv-04164-ECS (D.S.D.).

(2) Gamez's motion at Docket 126 to strike an exhibit attached to Captain Walsh's reply at Docket 120 in support of his motion for reconsideration at Docket 108.

(3) Captain Walsh's motion at Docket 139 to strike the Federal Defendants' filing at Docket 135, which responds to Captain Walsh's letter at Docket 134 referring to his ex parte motion for a stay.

(4) Captain Walsh's motion for joinder at Docket 151, seeking to add to his current lawsuit allegations related to criminal acts by certain Federal Defendants on April 23, 2025.

Because the Court did not consult any of the matters sought to be stricken by Captain Walsh or Gamez when ruling on their respective motions to reconsider, Dockets 108, 113, the motions to strike at Dockets 122, 126, and 139 are denied as moot. Captain Walsh's motion to strike at Docket 139 is also deemed moot based on the Court's ex parte order at Docket 156. Finally, because the Court dismissed Captain Walsh's claims against all defendants, Docket 105, and has now denied Captain Walsh's motion to reconsider, the Court need not address his motion to join, Docket 151, which includes allegations of more recent alleged criminal acts by the Federal Defendants; that motion is denied as moot.

## CONCLUSION

For the reasons stated above, it is hereby

ORDERED that Captain Walsh's motion to reconsider, Docket 108, is denied. It is further

ORDERED that Gamez's motion to reconsider, Docket 113, is denied. It is further

ORDERED that Captain Walsh's motions to strike, Dockets 122 and 139, and Gamez's motion to strike, Docket 126, are denied as moot. It is further

ORDERED that Captain Walsh's joinder motion, Docket 151, is denied as moot. It is further

ORDERED that prior to filing a new lawsuit in this District against the Federal Defendants or Gamez regarding matters related to the same nucleus of operative facts as those alleged in the current case, Captain Rory M. Walsh must obtain approval from a judicial officer of this District or be represented by counsel.

Dated June 9, 2025.

> BY THE COURT:
>
> /s/ *Camela C. Theeler*
> CAMELA C. THEELER
> UNITED STATES DISTRICT JUDGE